THE PRESIDENT, DIRECTORS AND COMPANY OF THE LA FAYETTE BANK OF CINCINNATI, plaintiffs in error *v.* CALEB STONE, impleaded with JOHN B. GLOVER, defendant in error.

*Error to the Municipal Court of the City of Alton.*

The act of Congress prescribing the mode of authenticating the acts of the several legislatures, declares that such acts shall be authenticated by having the seal of their respective States affixed thereto. An act certified by the Secretary of State, to which is appended a certificate of the Governor, with the seal of State affixed, certifying to the official character of the person signing himself as Secretary, and that full faith and credit are to be given to his official acts, is not a compliance with the act of Congress.

THIS cause was heard at the October term, 1837, of the Municipal Court of the City of Alton, before the Hon. William Martin.

The defendant pleaded in abatement that there was not at the time of the commencement of said suit "any such person called The President, Directors and Company of the La Fayette Bank of Cincinnati." Issue was taken on this plea.

The plaintiffs to support their action, offered in evidence a paper purporting to be the act of the legislature of the State of Ohio, incorporating the plaintiffs, which was certified as follows:

"Secretary of State's Office, Columbus, ⎱
Ohio, March 18, 1834. ⎰

I do hereby certify that the foregoing act is a correct copy of the original roll thereof, remaining on file in this office.

B. HINKSON, Secretary of State."

"United States of America.     }
  The State of Ohio, Executive Office.     }

I, Robert Lucas, Governor and Commander in Chief of the State of Ohio, do hereby certify that B. Hinkson, by whom the act hereto attached appears to have been certified, now is, and was at the date of said certificate, the acting Secretary of State, in and for the said State of Ohio, having been duly elected and duly commissioned as such; and that his official acts are entitled to full faith and credit as well in courts of justice as thereout.

In testimony whereof, I have hereunto subscribed my name, and caused the Great Seal of the State of Ohio to be affixed, at Columbus, this nineteenth day of March, in the year of our Lord one thousand eight hundred and thirty-four.

ROBERT LUCAS."

[Great Seal
 of State. ],,

A. COWLES, for the plaintiffs in error, cited U. S. Const. Art. 4, § 1; 2 U. S. Laws 102, Ch. 38; 3 U. S. Laws 621, Ch. 409, Duane and Bioren's Ed.; 2 Peters' Cond. R. 32 note; 4 Dallas 412; 3 Peters' Cond. R. 395 note; 11 Wheaton 392, U. S. *v.* Amadey.

U. F. LINDER, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action on the *case* brought to recover the amount of a bill of exchange made by the defendant and endorsed to the plaintiffs. On the trial of the cause, the plaintiffs offered in evidence, to prove the existence of the corporation, a paper purporting to be a copy of their charter, to which was appended,— first, a certificate by B. Hinkson, Secretary of State, declaring that the foregoing act is a correct copy of the original roll thereof, remaining on file in the office of the Secretary of State, at Columbus, in Ohio; secondly, a certificate of Robert Lucas, Governor of the State of Ohio, declaring that B. Hinkson, by whom the act thereto attached, appears to have been certified, was at the date of the certificate, the acting Secretary of State in and for the State of Ohio, and that his official acts are entitled to full faith and credit; to which latter certificate is attached the Great Seal of the State of Ohio.

To the introduction of this paper thus certified, as evidence, the defendant objected, and the Court sustained the objection.

The plaintiffs now assign the exclusion of this paper from the jury for error.

In considering the correctness of this decision, it is proper to look at the act of Congress directing in what manner the acts of the legislatures of the several States shall be authenticated. This act has declared that these acts shall be authenticated by having

2J*

the seal of their respective States affixed thereto.  The paper offered in evidence is not so authenticated.  The seal of the State, it appears, by this certificate of the Governor, is affixed for the purpose only of adding verity to the fact declared in his certificate, that B. Hinkson is Secretary of the State of Ohio, and that full faith and credit are due to his official acts; not that the facts declared in the Secretary's certificate, are true.  This is not a compliance with the provisions of the act of Congress, which manifestly intended that the seal should be affixed, for the purpose of authenticating the act, and that the transcript thereof was an exact copy of the law passed by the State legislature.  However much it may be regretted that objections, technical in their nature, are to prevail in cases like the present, the Court cannot depart from the plain and obvious provisions of the law.  It has no discretion to dispense with the forms prescribed; and parties who offer testimony, the manner of authenticating which is thus provided, must conform to the mandates of the law.  The Court below properly rejected the paper offered.

The judgment is affirmed with costs.

*Judgment affirmed.*

The plaintiffs in error filed the following petition for a rehearing:

To the Supreme Court of the State of Illinois, December
term, 1837.

The President, Directors, & Co. of the La Fayette ⎫
Bank of Cincinnati *v.* Caleb Stone, impleaded with ⎬ In error.
John B. Glover. ⎭

The undersigned of counsel for the plaintiffs in error, respectfully request for the plaintiffs a rehearing of the aforesaid cause, and a revision of the record and authorities herein referred to.

They entertain a strong confidence, upon a careful revision of the whole case, that the judgment will be reversed; and they present for the consideration of the Court the following grounds and authorities:

1. That the evidence presented does in fact show a compliance with the law of the United States, and the decisions of the Courts thereupon. 1 Laws U. S. 102; Gordon's Digest 142 note a; 2 Peters' Cond. R. 30, in notes; 3 *Idem.* 305 notes; Amadey *v.* U. S., 6 Peters' Cond. R.; 1 Blackford 159.

2. That the appending the Great Seal is not invalidated by the cumulative certificates, and the verification of additional facts, besides the truth of the record.

3. That one of the facts certified by the Secretary, is, that the exemplification is a *correct copy* of the roll on file in his office.

4. That by the constitution of Ohio, the Governor is the keeper

La Fayette Bank of Cincinnati v. Stone.

of the Great Seal, and his affixing of it to the certificate, is intended, and does in fact, verify all that is certified.

5. That the evidence was admissible by the rules of the common law.

6. That the judgment below is erroneous for matter apparent on its face, besides the rejection of the testimony. 1 Chitty 405.

For these and other reasons that might be urged we pray a re-hearing.

ALFRED COWLES.

S. T. LOGAN.

*Note.* The Constitution of the United States provides that

"Full faith and credit shall be given in each State, to the public acts, records, and judicial proceedings of every other State. And the Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof." Art. 4, § 1.

The acts of Congress upon this subject, provide as follows:

" The acts of the legislatures of the several States shall be authenticated by having the seal of their respective States affixed thereto. The records and judicial proceedings of the courts of any State, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form. And such records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the State from whence the said records are, or shall be taken.(1) 1 Story's U. S. Laws 93.

All records and exemplifications of office books, which may be kept in any public office of any State, not appertaining to a court, shall be proved or admitted into any other court or office in any other State, by the attestation of the keeper of such records or books, and the seal of his office thereto annexed, if there be a seal, together with a certificate of the presiding justice of the court of the county or district, as the case may be, in which such office is, or may be kept; or of the governor, the secretary of state, the chancellor or keeper of the great seal of the state, that such attestation is in due form, and by the proper officer; and such certificate, if given by the presiding justice of a court, shall be farther authenticated by the clerk or prothonotary of said court, who shall certify, under his hand and the seal of his office, that the presiding justice is duly commissioned and qualified; or if the certificate be given by the governor, the secretary of state, the chancellor or keeper of the great seal, it shall be under the great seal of the state in which the certificate is made. And the records and exemplifications, so authenticated, shall have such faith and credit given to them in every court and office within the United States, as they have by law or usage in the courts or offices of the State from whence the same are, or shall be taken.(2)

All the provisions of the acts of 1790 and 1804, shall apply, as well to the public acts, records, office books, judicial proceedings, courts, and offices, of the respective territories of the United States, and countries subject to the jurisdiction of the United States, as to the public acts, records, office books, judicial proceedings, courts and offices, of the several States.(2) 2 Story's U. S. Laws 947.

" The act of Congress above referred to, does not require the attestation of any public officer, in order to authenticate copies of the legislative acts of the several States; but the Seal of the State affixed by an officer having the custody thereof, to a copy of the law sought to be proved, will be conclusive evidence of the existence of such law; no other formality is necessary; and in the absence of all evidence to the contrary, it must be presumed that the seal was annexed by an officer having competent authority to the act. (United States v. Amadey, 11 Wheat. Rep. 392. United States v. Johns, 4 Dall. Rep. 412; S. C., 1 Wash. C. C. Rep. 363; Henthorn v. Doe, 1 Blackf. Rep. 157; State v. Carr, 5 N. Hamp. Rep. 367;

(1) Act May 26th, 1790.     (2) Act March 27th, 1804.

Sloo *v.* The State Bank of Illinois.

Warner *v.* The Commonwealth, 2 Virg. Cas. 95.)" 3 Phillips Ev., Cowen and Hill's notes 1141.

